**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANGELA PIERSANTI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:14-cv-1537 |
| ) | |
| NORTHSTAR LOCATION SERVICES, ) | |
| LLC. ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, ANGELA PIERSANTI (Plaintiff), through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, NORTHSTAR LOCATION SERVICES, LLC, (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, et seq. ("TCPA").

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This Court has jurisdiction over Plaintiff's TCPA claim pursuant to *Mims v. Arrow Financial Svcs. LLC*, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

7. Plaintiff is a natural person residing in Chicago, Cook County, Illinois.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

11. Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency headquartered in Cheektowaga, New York.

13. Defendant is a business entity engaged in the collection of debt within the State of Illinois.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff.

19. Plaintiff is informed and believes, and thereon alleges, that the alleged debt arises from transactions for personal, family, and household purposes.

20. On November 12, 2012, Defendant, by and through its agent, Henry Bennett, began placing repeated collections calls to Plaintiff in connection with the alleged debt.

21. Defendant placed calls from 866-224-9825, which is a phone number belonging to Defendant.

22. Defendant called Plaintiff at 312-595-82XX, which is Plaintiff's work number.

23. Defendant also called Plaintiff at 773-216-44XX, which is Plaintiff's personal cell phone number.

24. Within the last year, Defendant left a voicemail message for Plaintiff at Plaintiff's work number in an attempt to collect a debt.

25. Within the last year, Defendant left several voicemail messages for Plaintiff at Plaintiff's cell number in an attempt to collect a debt.

26. On two separate occasions, Plaintiff spoke with Defendant's agent, Henry Bennett, and told Defendant to stop calling her work number.

27. Despite Plaintiff's request, Defendant continued to call Plaintiff in an attempt to collect the alleged debt.

28. Defendant called Plaintiff at an annoying and harassing rate.

29. Plaintiff requested to be sent the alleged debt collection in writing.

30. To date, Plaintiff has not received anything in writing from Defendant.

31. Defendant called Plaintiff using an autodialer system.

32. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

33. Defendant's phone system has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

34. Plaintiff never provided Plaintiff's cellular telephone number to Defendant and never provided Plaintiff's consent to Defendant to be contacted on Plaintiff's cellular telephone.

35. If Defendant at one time had consent to place calls to Plaintiff's cellular telephone number, it no longer has consent to call Plaintiff after being instructed by Plaintiff to cease all calls to him.

36. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

37. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

38. Plaintiff is not a customer of Defendant's services, has never provided any personal information, including Plaintiff's cellular telephone number, to Defendant for any purpose whatsoever.

39. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on

Plaintiff's cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

40. Despite this, Defendant continued to place repeated collection calls to Plaintiff, on Plaintiff's cellular telephone, using an "automated telephone dialing system."

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

41. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692c(a)(3) of the FDCPA by communicating with the Plaintiff, without prior consent of Plaintiff given directly to the debt collector, at Plaintiff's place of employment when Defendant knew or had reason to know that Plaintiff's employer prohibits Plaintiff from receiving such communication when Plaintiff told Defendant to stop calling her at work;

   b. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt; and

   c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

WHEREFORE, Plaintiff, ANGELA PIERSANTI, respectfully requests judgment be entered against Defendant, NORTHSTAR LOCATION SERVICES, LLC, for the following:

42. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

43. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

44. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

45. Plaintiff repeats and re-alleges paragraphs 1-40 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

46. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

47. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

48. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

49. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, RYAN ERICKSON, respectfully requests judgment be entered against Defendant, DIVERSIFIED CONSULTANTS, INC., for the following:

50. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

51. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500,

for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

52. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

53. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

March 4, 2014

By: /s/ Michael S. Agruss
Michael S. Agruss
Agruss Law Firm, LLC
22 W. Washington Street
Suite 1500
Chicago, IL 60602
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff